UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GEMIL L. LAGUER,

                Plaintiff,                              **ORDER**
                                                                                   14 CV 4954 (CBA)(LB)
-against-

NYC BIKE SHARE,

                Defendant.
-----------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

In this *pro se* employment discrimination action, plaintiff and defendant shall make the following disclosures:

DEFENDANT'S OBLIGATIONS

No later than thirty (30) days from the date of this order, defendant shall provide plaintiff a photocopy of all plaintiff's personnel records. Defendant shall bear the cost of photocopying such documents.

"Personnel records" refers to any document or record in any form whatsoever in the possession, custody or control of defendant that is used, has been used, or may be used relative to plaintiff's qualifications for employment, promotion, transfer, compensation or disciplinary action. A personnel record also includes any document or record in any form whatsoever in the possession, custody or control of a person, corporation, partnership or other entity that keeps or supplies a personnel record for defendant. Without limiting the foregoing, all of the following documents constitute part of the personnel records and shall be produced by defendant:

        (1) plaintiff's job application;

        (2) plaintiff's resume or other form of employment inquiry to defendant;

        (3) defendant's offer of employment, promotion or transfer to plaintiff;

        (4) plaintiff's performance evaluations;

(5) records reflecting any disciplinary action taken against plaintiff;

(6) awards or other documents containing commendations for plaintiff;

(7) waivers or other written agreements between defendant and plaintiff; and

(8) termination notices.

Defendant shall provide the following information in the form of a response to an interrogatory pursuant to Rule 33 of the Federal Rules of Civil Procedure, to the extent such information is not contained in the personnel records:

(1) plaintiff's job title and description;

(2) plaintiff's compensation, including the amount of plaintiff's base salary and/or rate of pay and a description of all fringe benefits plaintiff receives or received as an employee of defendant;

(3) the starting date and termination date of plaintiff's employment; and

(4) the legitimate non-discriminatory reason(s) defendant claims motivated the adverse action(s) taken against plaintiff that is/are the subject of plaintiff's complaint and any supporting documents, reports, memos, evaluations.

PLAINTIFF'S OBLIGATIONS

No later than thirty (30) days from the date of this order, plaintiff shall serve upon defendant responses to the following questions which plaintiff shall swear or affirm to be true to the best of his/her knowledge and under penalty of perjury:

(1) if relevant to your claim, state the discriminatory remarks that were made to you or about you, who made those remarks and when those remarks were made;

(2) if discriminatory remarks were written about you, please provide copies if available;

(3) if anyone else heard the discriminatory remarks, please identify them;

(4) state the name and job title of each person who made and each person who you believe heard or read each discriminatory remark and to the best of your recollection, when such remark was made;

(5) if you claim that others were treated more favorably than you based on unlawful discrimination, state their names and job titles;

(6) if you claim that others were also treated less favorably than you based on unlawful discrimination, state their names and job titles.

Plaintiff shall produce copies of any documents, or relevant portions thereof, which may be used at trial to support the claim of discrimination.

JOINT OBLIGATIONS

A party who withholds any documents on a claim of privilege shall supply all information required pursuant to Local Rule 26.2 simultaneously with the production of all other personnel records. Nothing in this order shall prohibit either party from conducting additional discovery as permitted by the Federal Rules of Civil Procedure upon the completion of this exchange and a conference with the Court.

The Court shall hold a status conference in this matter on January 8, 2015 at 10:00 a.m. in Courtroom 11A South. Any request for an adjournment must be made in writing at least forty-eight hours in advance, on notice to the adverse party.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: November 19, 2014
       Brooklyn, New York